UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

ANTHONY PETRONE,

    Plaintiff,

v.

626 HOLDINGS LLC, a Florida
limited liability company,
626 AWI LLC, a Florida
limited liability company,
MICHAEL FISCHER, individually,
and PHILLIP REVIEN, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY PETRONE ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendants, 626 HOLDINGS LLC ("626"), 626 AWI LLC ("626 AWI"), MICHAEL FISCHER ("FISCHER"), individually, and PHILLIP REVIEN ("REVIEN"), individually (hereinafter collectively referred to as "Defendants"), and alleges as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all federal overtime wages that Defendants refused to pay Plaintiff and during the past three (3) years.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, 626, was a Florida limited liability company located and transacting business within Delray Beach, Florida, within the jurisdiction of this Honorable Court. 626 is headquartered and operates its principal location at 1395 NW 17th Avenue, Suite 113-114, Delray Beach, Florida 33445.

4. Defendant, 626, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, 626 AWI, was a Florida limited liability company located and transacting business within Delray Beach, Florida, within the jurisdiction of this Honorable Court. 626 AWI is headquartered and operates its principal location at 1395 NW 17th Avenue, Suite 113-114, Delray Beach, Florida 33445.

6. Defendant, 626 AWI, was Plaintiff's employer, as defined by 29 U.S.C. 216(b), during all times pertinent to the allegations herein.

7. Upon information and belief, during all times material hereto, Defendant, FISCHER, was a resident of the Southern District of Florida.

8. During all times material hereto, Defendant, FISCHER was managing member and owner of both 626 and 626 AWI within Delray Beach, Florida.

9. During all times material hereto, Defendant, FISCHER, was over the age of 18 years, an officer and/or director of the corporate Defendants, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, 626, and Defendant, 626 AWI, during the relevant time period.

10. During all times material hereto, Defendant, FISCHER, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

11. Upon information and belief, during all times material hereto, Defendant, REVIEN, was a resident of the Southern District of Florida.

12. During all times material hereto, Defendant, REVIEN was managing member and owner of both 626 and 626 AWI within Delray Beach, Florida.

13. During all times material hereto, Defendant, REVIEN, was over the age of 18 years, an officer and/or director of the corporate Defendants, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, 626, and Defendant, 626 AWI, during the relevant time period.

14. During all times material hereto, Defendant, REVIEN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

15. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

16. Defendant, 626, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

17. Defendant, 626 AWI, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

18. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

19. Defendants, 626 and 626 AWI, provide maintenance on medical technology equipment in hospitals and other medical facilities in Florida, New York, New Jersey, Connecticut, Pennsylvania, Ohio and other locations throughout the United States.

20. Both corporate Defendants headquartered out of Delray Beach, Florida.

21. Defendant, 626, has been operating in the State of Florida since at least 2014.[1]

22. Defendant, 626 AWI, has been operating in the State of Florida since at least 2017.

## FLSA COVERAGE

23. Defendant, 626, is covered under the FLSA through enterprise coverage, as 626 was engaged in interstate commerce during Plaintiff's employment period. More specifically, 626's business and Plaintiff's work for 626 affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, 626, was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

24. During his employment with Defendant, 626, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, imaging equipment, computers, computer keyboards, pens, pencils, paper, cables, screwdrivers, and other tools, etc.

25. Defendant, 626, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, 626 an enterprise covered by the FLSA.

---

[1] 626 was part of a merger in 2020 but nevertheless continues to operate in Florida and continued to be Plaintiff's FLSA employer after the conclusion of the merger.

26. Upon information and belief, Defendant, 626, grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

27. Defendant, 626 AWI, is covered under the FLSA through enterprise coverage, as 626 AWI was engaged in interstate commerce during Plaintiff's employment period. More specifically, 626 AWI's business and Plaintiff's work for 626 AWI affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, 626 AWI, was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

28. During his employment with Defendant, 626 AWI, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, imaging equipment, computers, computer keyboards, pens, pencils, paper, cables, screwdrivers, and other tools, etc.

29. Defendant, 626 AWI, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, 626 AWI, an enterprise covered by the FLSA.

30. Upon information and belief, Defendant, 626 AWI, grossed or did business in excess of $500,000.00 during the years of 2019, 2020, 2021 and is expected to gross in excess of $500,000.00 in 2022.

31. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, 626, 626 AWI, FISCHER, and REVIEN within the meaning of the FLSA.

32. During all material times hereto, Plaintiff was required to use the instrumentalities of commerce on a regular and recurrent basis such that he is individually covered under the FLSA. More specifically, Defendants regularly instructed and required Plaintiff to use the interstate telephones to regularly and recurrently communicate with clients in different states throughout the workweek.

## JOINT ENTERPRISE COVERAGE

33. Defendants, FISCHER and REVIEN have been the owners and managing members of both corporate Defendants during the relevant time period.

34. Accordingly, both corporate Defendants in this lawsuit are owned, controlled, and operated by individual Defendants, FISCHER and REVIEN.

35. During certain times material hereto, Defendant, 626, and Defendant, 626 AWI, performed substantially related business activities, as these corporate entities focused their operations on providing maintenance to medical technology equipment outside of their shared headquarters in South Florida.

36. During certain times material hereto, Defendants, 626 and 626 AWI, used central management and/or common control, through FISCHER and REVIEN, and shared employees and financial resources, to effectuate their common business needs.

37. Moreover, during all times material hereto, Defendants, 626 and 626 AWI, were engaged in offering substantially the same or similar services and goods to their customers and employees.

38. Defendants also shared a common business purpose during all times material hereto.

39. During times material hereto, Defendants, 626 and 626 AWI, shared employees (including Plaintiff) and other resources to effectuate their common business needs.

40. This arrangement was authorized, controlled, operated, and overseen by both individual Defendants, FISCHER and REVIEN.

41. The gross revenue of Defendants, 626 and 626 AWI, was collectively in excess of $500,000.00 in, 2019, 2020, 2021 and is expected to collectively gross in excess of $500,000.00 in 2022.

42. Defendants, 626 and 626 AWI, intermingle resources, finances, employees and supplies to provide services, goods and materials to their customers and employees.

## PLAINTIFF'S WORK FOR DEFENDANTS

43. Plaintiff began working for Defendants in May 2019 and continued to do so until about June 2, 2022.

44. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants and was treated as a non-exempt employee by the Defendants.

45. During certain times periods of his employment, Defendants compensated Plaintiff a flat salary regardless of the number of hours he worked in each workweek and failed to compensate Plaintiff applicable overtime wages when he worked in excess of 40 hours in certain workweeks within the past three years.

## INDIVIDUAL EMPLOYER LIABILITY

46. During pertinent times to Plaintiff's employment, Defendant, FISCHER, was the President of 626 and 626 AWI, and oversaw the day-to-day operations of the companies and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, FISCHER,

also controlled the payroll practices and policies of the companies and directed when and where Plaintiff would perform work.

47.     During pertinent times to Plaintiff's employment, Defendant, REVIEN, was CEO of 626 and 626 AWI, and also oversaw the day-to-day operations of the companies and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, REVIEN, also controlled the payroll practices and policies of the companies and directed when and where Plaintiff would perform work.

48.     Defendants, FISCHER and REVIEN, hold themselves out to the public as the founders of 626 and 626 AWI and exercised full control over the operations of 626 and 626 AWI during the time period in which Plaintiff work for them.

49.     During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

50.     Defendants refused to pay Plaintiff proper overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week in one or more workweeks during the relevant time period.

## **DEPARTMENT OF LABOR INVESTIGATION**

51.     During second quarter of 2020, while Plaintiff was still employed with the Defendants, the United States Department of Labor ("DOL") was contacted regarding complaints of unlawful pay policies at 626 and 626 AWI. The DOL conducted an investigation and audit into several of Defendants' unlawful pay practices.

52.     Following the conclusion of the DOL investigation, on or about July 23, 2020, Defendants (through their Chief Financial Officer) sent an e-mail to Plaintiff and several other

non-exempt employees in the company to notify them that effective immediately Plaintiff and other non-exempt employees would be compensated federal overtime wages based on the fluctuating workweek method when they worked in excess of 40 hours in a workweek.

53. Defendants sent this notification to Plaintiff because Defendants treated Plaintiff as a non-exempt employee and always considered Plaintiff to be a non-exempt employee during his employment.

54. Defendants specifically notified Plaintiff that they were relaying information provided by their attorneys concerning the fluctuating workweek method of compensation for overtime wages for all of their non-exempt employees including Plaintiff.

55. On July 23, 2020, Plaintiff, for the very first time, received written notice from Defendants that his federal overtime wages would be compensated based on the fluctuating workweek method.

56. Prior to July 23, 2020, Plaintiff had never received written notice from Defendants that they intended to compensate his federal overtime wages based on the fluctuating workweek method.

57. In fact, prior to July 23, 2020, Plaintiff worked in excess of 40 hours in one or more workweeks and Defendants failed to properly compensated Plaintiff federal overtime wages when Plaintiff worked in excess of 40 hours in a workweek even though Plaintiff was a non-exempt employee during his entire employment period.

58. After Defendants sent this e-mail on July 23, 2020, Plaintiff's primary duties and responsibilities remained the same as they had always been before the e-mail was sent.

59. However, after Defendants sent the e-mail on July 23, 2020, Plaintiff began to receive federal overtime compensation (at a half-time rate) based on the fluctuating workweek method whenever Plaintiff worked in excess of 40 hours in a workweek.

60. Plaintiff did not receive back wages from Defendants for all of the overtime hours he worked prior to July 23, 2020.

61. Prior to the filing of this lawsuit, Plaintiff attempted to achieve a pre-suit resolution of his claims with Defendants. Notwithstanding Plaintiff's efforts to engage in conciliation, Defendants refused to resolve Plaintiff's claims in any way.

62. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

63. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 62 as though set forth fully herein.

64. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

65. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week for himself during the past three (3) years.

66. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA, or recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

67. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

68. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

69. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANTHONY PETRONE, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, 626 HOLDINGS LLC, 626 AWI, LLC, MICHAEL FISCHER, and PHILLIP REVIEN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY PETRONE, requests and demands a trial by jury on all appropriate claims.

**Dated this 18th day of July 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 18, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**JONATHAN A. BECKERMAN, ESQ.**
Florida Bar No. 568252
Lewis Brisbois Bisgaard & Smith LLP
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida Suite 2600
Tel: (954) 728-1280
*Counsel for Defendants*