UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 9:22-cv-81049-DMM

ANTHONY PETRONE,

    Plaintiff,

vs.

626 HOLDINGS, LLC,
626 AWI LLC,
MICHAEL FISCHER, individually,
and PHILLIP REVIEN, individually,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL WITH PREJUDICE AND MEMORANDUM OF LAW**

Plaintiff, ANTHONY PETRONE, ("Mr. Petrone"), and Defendants, 626 Holdings, LLC, 626 AWI LLC, Michael Fischer and Philip Revien ("Defendants"), (collectively referred to hereinafter as the "Parties"), jointly request that the Court approve the Parties' settlement of Mr. Petrone's claim under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and dismiss this matter with prejudice. In support of their request, the Parties submit the following:

    **I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On April 16, 2021, Mr. Petrone filed his Complaint alleging violations of the FLSA. [DE 1]. In order to avoid the expense and uncertainty of protracted litigation, the Parties the negotiated a settlement agreement ("the Agreement") through counsel and reached an accord on all material terms. On September 2, 2022, the Parties filed a Joint Notice of Settlement. [D.E. 31]. Despite agreeing to resolve Plaintiff's claims in this case, Defendants expressly deny that Plaintiff was

non-exempt or that he is owed any overtime wages whatsoever. *See Settlement Agreement marked as "Exhibit A," which will be emailed to this Honorable Court under separate cover for in camera review*.

That said, the Parties jointly represent to this Honorable Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendants to properly evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter. The settlement reached in this case provides Plaintiff with fair and reasonable compensation for his FLSA wage claims when considering that:

a. Plaintiff was paid on a salary basis;
b. Defendants never deducted money from Plaintiff's salary based on the quality or quantity of his work;
c. Plaintiff's job title was "Procurement Associate";
d. Plaintiff's job duties and pay arguably qualified him for the executive, professional and/or administrative exemptions under the FLSA. *See Calvo v. B&R Supermarket, Inc.*, 63 F. Supp. 3d 1369 (S.D. Fla. 2014).

Importantly, the Agreement acknowledges the risks inherent with protracted litigation and the possibility that Defendants would have proved Plaintiff was exempt under the FLSA had this matter not amicably resolved. *Id.* Accordingly, the Parties respectfully request that this Honorable Court grant their Joint Motion for Court Approval of Settlement Agreement and Request for Order of Dismissal with Prejudice.

II.  **LEGAL ANALYSIS**

Pursuant to the case law regarding settlement of claims arising under the FLSA, an employee may settle FLSA claims brought against an employer in a private lawsuit if the parties present the district court with a proposed settlement and the district court approves the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*,

163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit states:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Accordingly, district courts may dismiss an FLSA case after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-55; *see also Williams v. Moody Manor, Inc.*, 2016 WL 11214667, at *1 (S.D. Fla. Nov. 3, 2016) (Bloom, J); *see also Stanislaw. KRS Global Biotechnology, Inc.*, 2021 2389432, at *1 (S.D. Fla. June 10, 2021) (Singhal, J); *see also Mercado v. Snyder.*, 2015 WL 11142629 at *1 (S.D. Fla. Dec. 11, 2015) (Rosenberg, J); *see also Perez v. PJ'S Land Clearing & Excavating, Inc.*, 2012 WL 1290332 at *1 (S.D. Fla. Nov. 20, 2012) (recommending approval of FLSA Settlement Agreement upon finding that the settlement was a fair and reasonable resolution of a bona fide dispute over FLSA provisions). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are in dispute, **such as FLSA coverage** or computation of back wages, the District Court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1353 (emphasis added). In conducting its analysis pursuant to *Lynn's Food*, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See e.g., Reese v. Florida BC Holdings, LLC., Case No.: 6:17-cv-1574-CEM-GJK,* 2020 WL

10486251 *3 (M.D. Fla. 2020) (Kelly, J. approving FLSA settlement observing "the strong presumption in favor of finding settlement fair."); *accord Siebern v. H Greg Auto Orlando, Inc.*, Case No.: 6:21-cv-294-WWB-GJK, 2021 WL 3082749 *2 (M.D. Fla. April 4, 2021).

Here, the Parties respectfully submit that the resolution of Plaintiff's FLSA claims is fair and reasonable. Specifically, Defendants adamantly deny Plaintiff is covered by the FLSA by virtue of his administrative/executive/professional exemptions. Moreover, Defendants deny Plaintiff worked more than forty (40) hours per week. Based on the foregoing, there remains a *bona fide* dispute as to whether any liability exists. If Plaintiff had proceeded to trial, a jury could have determined that Plaintiff was exempt. To avoid the uncertainties inherent in litigation, the Parties negotiated a settlement through counsel that is satisfactory to all Parties. *see Lacroix v. JP Deluxe Auto Services, LLC*, 2016 WL 1095773, at *2 (S.D. Fla. Nov. 21, 2016) (approving compromised FLSA Claim where both parties were represented by counsel and bona fide disputes existed regarding the Plaintiff's FLSA claim); *see also Padilla v. KB International Trading Corp.*, 2017 WL 8075327, at *1 (S.D. Fla. Nov. 15, 2017) (holding that private resolution of FLSA suits under the supervision of the district court "are intended principally to resolve controvers[ies] over any FLSA terms **actually in dispute**.") *Davidson v. Golden Bay Towers, Inc.*, 2018 WL 7636333 at *1 (S.D. Fla. Dec. 17, 2018) (same).

Despite the foregoing disputes, Defendants agreed to pay Mr. Petrone $7,500.00. *See* Exhibit "A". Although this constitutes less than the amount claimed by Plaintiff within his Amended Preliminary Statement of Claim [DE 14], Plaintiff's counsel did not have the benefit of receiving and reviewing several important documents and personnel records. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) (holding that a Statement of Claim is merely a case management tool).

The undersigned counsel, who are experienced in wage and hour litigation, view the reached-upon settlement as a fair and reasonable outcome for the Parties. The Agreement also provides for attorneys' fees and costs to be paid to Plaintiff's counsel. Awards for attorneys' fees and costs in FLSA cases often exceed the amount of damages at issue for the plaintiff(s), and fee awards need not be proportional to the recovery for the plaintiff(s). *Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts."). In addition, the attorney's fees and costs that are payable to Plaintiff's counsel do not create any conflict with the resolution of the FLSA claims or otherwise raise any issues contemplated by the Eleventh Circuit in *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

### III.   CONCLUSION

WHEREFORE, based on the foregoing, the Parties respectfully request that this Court approve their Settlement Agreement and dismiss Plaintiff's claims with prejudice.

Respectfully submitted this 16th day of September 2022.

| | |
|---|---|
| **LEWIS BRISBOIS**<br>**BISGAARD & SMITH LLP**<br>110 SE 6th Street, Suite 2600<br>Fort Lauderdale, Florida 33301<br>Ph: (954) 728-1280<br>*Counsel for Defendants*<br><br>By: */s/ Jonathan Beckerman, Esq.*<br>JONATHAN BECKERMAN, ESQ.<br>Florida Bar No. 568252<br>ALEXANDER T. HARNE, ESQ.<br>Florida Bar No. 126932<br>jonathan.beckerman@lewisbrisbois.com<br>alexander.harne@lewisbrisbois.com | **USA EMPLOYMENT LAWYERS**<br>**JORDAN RICHARDS PLLC**<br>1800 SE 10th Ave. Suite 205<br>Fort Lauderdale, Florida 33316<br>(954) 871-0050<br>*Counsel for Plaintiff*<br><br>By: */s/ Jake Blumstein, Esq.*<br>JORDAN RICHARDS, ESQ.<br>Florida Bar No. 108372<br>JAKE BLUMSTEIN, ESQUIRE<br>Florida Bar No. 1017746<br>jordan@jordanrichardspllc.com<br>jake@jordanrichardspllc.com |